LAND, J.
This is a suit via ordinaria to foreclose a special mortgage by authentic act executed by the defendant Mrs. M. R. Beasley, with the authorization of the judge and of her husband, to secure a loan of $23,-000, with interest, attorney’s fees, and costs.
The principal sum is represented by a note due five years after date, and the interest by five notes, each for the sum of $1,840, *739 due, respectively, in one, two, three, four, and five years. The first interest note was paid at its maturity. The defendant defaulted on the payment of the second note, and thereupon the plaintiff instituted the present action to recover the sum of $24,840, alleging that the principal note for $23,000 had become due under the terms of the contract.
The defenses, so far as urged in this court, are, first, that the suit on the note for $23,-000 is premature; and, second, that attorney fees stipulated are not exigible on the amount of said note.
There was judgment in favor of the plaintiff for the amount claimed, with attorney fees and costs; but it was decreed that the principal note for $23,000 should be collected by proceeding in rem against the mortgaged property.
The defendant has appealed, and the plaintiff has answered, praying that the judgment be amended so as to award him a personal judgment against the defendant for the full amount demanded.
The stipulations in the act of mortgage germane to the questions before us are as follows:
“And in order to secure the payment of said notes, interest, and all costs, including five (5) per cent, attorney’s fees on amount sued for, in event of suit for collection of said notes, the said Mrs. Mathilda R. Beasley declared that she does by these presents specially mortgage and hypothecate * * * unto any future holder of said notes the following- described property.
“This mortgagor is to have the i-ight at the maturity' of either of the four first notes falling due to pay a part or all of the large note for $23,000. This right is not to be exercised, except at the annual falling due of said smaller notes, and not at any intermediate time.
“In the event of the failure of this mortgagor to pay any one of said notes at its maturity, then all of the remainder of said notes herein shall at once become due and exigible by foreclosure.”
It follows that the term of five years stipulated for the payment of the note for $23,-000 was not absolute, but was subject to the right of the mortgagor to pay, in part or in whole, at the end of the first, second, third, or fourth years, and was conditioned on the payment of the first four notes at their respective maturities. By the plain letter of the contract the note for $23,000 became due on the mortgagor’s failure to pay the second interest note. As the term, or time given for the performance of an obligation, is the creature of convention, it may be molded and fashioned as the contracting parties may elect. In the case at bar the term was conditioned on the payment of the-interest notes as they matured. Such a stipulation is lawful, and has been almost universally so recognized and enforced in other jurisdictions. Am. & Eng. Law (2d Ed.) 932. In Williams’ Case, 47 La. Ann. 1277, 17 South. 805, a similar stipulation was assailed by plaintiff in the lower court, but the contention was expressly abandoned by his counsel on appeal. The court cannot disregard such a stipulation without infringing on the freedom of the citizen to make contracts not prohibited by law and not contrary to the public good., “Agreements legally entered into have the effect of laws on those who have formed them.” Civ. Code, art. 1901.
The principal note having become due and exigible, plaintiff instituted suit thereon, and became entitled to the stipulated attorney’s fee “on amount sued for.” Defendants’ argument on the question of attorney fees is based on the predicate that the note for $23,009 is an unmatured obligation, and on this assumption it is argued that, as the suit is on an interest note due and the principal note-to become due, attorney’s fees are not exigible on the amount of the latter. As we hold that both notes were due, the question is. purely academic.
As the principal note became due and “ex-igible by foreclosure,” we see no valid reason for denying to plaintiff a personal judgment, as a mortgage may be foreclosed as. well by an ordinary suit as by executory pro *741 cess. It would be a strained construction to bold that defendant is not liable personally on her own notes.
It is therefore ordered that the judgment appealed from be amended by condemning the defendant personally to pay the whole amount sued for, with interest, attorney’s fees, and costs, and that, as thus amended, said judgment be affirmed; appellant to pay costs of appeal.